IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WALKER D. BOWEN, as the administrator of the estate of TERRANCE DESMOND BOWEN,<br><br>    Plaintiff,<br><br>v.<br><br>CARL HUMPHREY, DOUG UNDERWOOD, ANTHONY BROOKINS, CAGER EDWARD DAVIS, and BRUCE REX SCHOOLCRAFT, D.O., in their individual capacities,<br><br>    Defendants. | CIVIL ACTION NO. 5:13-CV-256 (MTT) |

## ORDER

Before the Court are the Defendants' motions to stay discovery (Doc. 12; Doc. 15) pending a resolution of their motions to dismiss.

The Plaintiff has filed suit pursuant to 42 U.S.C. § 1983 seeking damages for the Defendants' alleged violations of the Eighth Amendment rights of Terrance Desmond Bowen, who was viciously beaten to death by his cellmate while incarcerated at Baldwin State Prison. (Doc. 1). The Plaintiff alleges the Defendants were deliberately indifferent to the danger Bowen faced when he was housed in the same cell as Carl Merkerson, a convicted murderer who suffered from severe mental illness and had a history of assaulting other inmates. Merkerson killed Bowen by strangling him and causing blunt force trauma to his head a few days after Merkerson's mother allegedly warned the

prison her son was decompensating and becoming increasingly violent and dangerous. The Defendants have moved to dismiss these claims on the grounds that the Plaintiff has not alleged the Defendants had subjective knowledge of Merkerson's dangerousness.[1]  Defendants Humphrey, Underwood, Brookins, and Davis also claim qualified immunity and, based on this defense, argue they should not be subject to discovery.[2]

The Court is mindful that qualified immunity is generally intended to shield officials from extensive discovery.  *See, e.g.*, *Harlow v. Fitzgerald*, 457 U.S. 800, 814, 817-18 (1982).  But while the assertion of qualified immunity permits stays of discovery, it does not require them.  *See Caraballo-Sandoval v. Honsted*, 35 F.3d 521, 524 (11th Cir. 1994) ("[A] court *may* resolve the issue of qualified immunity before allowing discovery") (emphasis added); *S.D. v. St. Johns Cnty. Sch. Dist.*, 2009 WL 4349878 at *2-*3 (M.D. Fla.) (describing language in Supreme Court and Eleventh Circuit cases as permissive, not mandatory, when it comes to staying discovery where qualified immunity has been asserted).  *See also Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (some discovery may be necessary to determine facts related to qualified immunity defense); *Lovelace v. Delo*, 47 F.3d 286, 287 (8th Cir. 1995) (same).  Further, a trial court has wide discretion in setting the limits of discovery.  *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991).

---

[1] Indeed, while the complaint refers to warnings Merkerson's mother gave to "the prison" and to what the "prison system" knew about Merkerson's history, it does not clearly indicate the individual Defendants themselves knew of and chose to ignore the danger he posed. (Doc. 1, ¶¶ 53, 90).

[2] Dr. Schoolcraft, a staff psychiatrist at the prison, has not asserted qualified immunity but argues the dispositive nature of his motion to dismiss should stay discovery.

In this case, the Plaintiff has pled facts that, if true, show Bowen was housed with an inmate who was known to be mentally unstable, dangerous, and prone to violence. Further, it is well established that under certain circumstances prison officials may be liable for prisoner on prisoner assaults. Here, the Plaintiff has made the bare allegation that the "prison" knew of the harm Bowen would face when he was confined to the same cell as Merkerson. It is his allegations regarding the individual Defendants' subjective knowledge that are sparse. But this is somewhat understandable at this stage; Bowen is deceased and cannot make his own allegations as a typical § 1983 plaintiff would be able to do. In view of the Plaintiff's lack of access to basic information that Bowen might have otherwise possessed, postponing discovery would unfairly disadvantage the Plaintiff.

Accordingly, the Defendants' motions to stay discovery (Doc. 12; Doc. 15) are **DENIED**.

**SO ORDERED**, this 21st day of October, 2013.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT