IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WALKER D. BOWEN, as the administrator of the estate of TERRANCE DESMOND BOWEN, <br><br> Plaintiff, <br><br> v. <br><br> CARL HUMPHREY, DOUG UNDERWOOD, ANTHONY BROOKINS, CAGER EDWARD DAVIS, and BRUCE REX SCHOOLCRAFT, D.O., in their individual capacities, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION NO. 5:13-CV-256 (MTT) |

## ORDER

Terrance Bowen was beaten to death by his prison cellmate.  This lawsuit, brought by his estate under 42 U.S.C. § 1983, alleges the Defendants violated Bowen's Eighth Amendment rights when they placed him in a cell with Carl Merkerson, the man who killed him.  The Defendants are Carl Humphrey, warden of Baldwin State Prison; Doug Underwood, deputy warden of security at the prison; Anthony Brookins, lieutenant in charge of the unit in which Bowen and Merkerson lived; Cager Edward Davis, correction officer at the prison who supervised inmates in the unit where Bowen and Merkerson lived; and Bruce Rex Schoolcraft, D.O., a psychiatrist who treated inmates' mental illnesses.  (Doc. 50, ¶¶ 3-8).  All Defendants except Schoolcraft are referred to in this Order as the "state Defendants."[1]

---

[1] Humphrey, Underwood, Brookins, and Davis are state employees.  Schoolcraft is not.

A prison official violates the Eighth Amendment "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Caldwell v. Warden, FCI Talladega*, --- F.3d ---, 2014 WL 1346975, at *7 (quoting *Carter v. Galloway,* 352 F.3d 1346, 1349 (11th Cir.2003)) (quotation marks omitted); *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).  The state Defendants have moved to dismiss the Plaintiff's claims because they contend he has not alleged their subjective knowledge of the risk of harm Merkerson posed to Bowen.

The state Defendants' subjective knowledge is in fact a close call.  Accepting the Plaintiff's allegations as true, Merkerson's prior murder conviction, his mental health status and history of schizophrenia, his prior assault on a cellmate, his "decompensating" mental condition,[2] and the state Defendants' disregard of their policy against double-celling mental health inmates with prior assaults all point toward their liability.[3]  However, as the Court observed during the June 3, 2014 hearing on the Defendants' motions to dismiss, there likely is still a missing link in the chain of facts necessary to support the Plaintiff's allegations that the state Defendants actually knew Merkerson was dangerous.  In cases like this one, plaintiffs bridge this gap and survive motions to dismiss when they allege not just the general dangerousness of the assaulting inmate but also some additional event or information that was brought directly to the attention of the defendants prior to the assault.  *See, e.g.*, *Caldwell*, 2014

---

[2] The Plaintiff alleges that a few days prior to the assault, Merkerson's mother notified a mental health counselor at the prison that her son's mental condition was deteriorating and that when that happens he becomes violent and dangerous.

[3] Of course, the fact that the state Defendants violated their policy does not establish their liability.  But their breach is relevant to their knowledge that Merkerson should not have been housed with Bowen.

WL 1346975, at *8-9 (after inmate lit plaintiff's personal property on fire, plaintiff told the defendants he feared for his safety if placed back in a cell with that inmate); *McCreary v. Parker*, 456 F. App'x 790, 792 (11th Cir. 2012) (before attacking the victim, a young black male, inmate specifically told defendants that he would attack any young black men they placed in his cell); *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003) (defendant officers were on duty when the assaulting inmate suffered a schizophrenic breakdown before killing the victim).

In this case, the Plaintiff's access to this final link of evidence has been hampered by the fact that Bowen is deceased. Therefore, he is unable to provide any information about the circumstances leading up to Bowen's death or the time in which he was housed with Merkerson. Given the practical challenges confronting the Plaintiff in this regard, and given the otherwise sufficient allegations of deliberate indifference that have been made, before the Court rules on the state Defendants' motion it will allow the Plaintiff to conduct limited discovery to determine whether he can allege the Defendants actually knew about the danger Merkerson posed to Bowen. The Court recognizes the general policy reasons for shielding public officials from extensive discovery, particularly those who assert qualified immunity defenses. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814, 817-18 (1982). But, as the state Defendants have acknowledged, the Court has the discretion to allow some discovery. Moreover, the unique circumstances of this case make limited discovery necessary for equitable

reasons and to enable the Court to accurately assess the application of qualified immunity.[4]

Accordingly, the state Defendants shall produce to the Plaintiff Merkerson's mental health records for 2010.[5]  The Plaintiff may depose the state Defendants as well as Stephen Sloan, Ph.D., the individual who completed and signed a mental health evaluation form for Merkerson that is dated March 9, 2010.[6]  The scope of these depositions will be strictly limited to the events occurring at Baldwin State Prison.  The Plaintiff shall not inquire about policies and procedures or similar matters.  The sole purpose of the depositions will be to determine whether the state Defendants had knowledge of facts that would suggest they were subjectively aware of a substantial risk of serious harm to Mr. Bowen.  Although the Court will not set a time limit for the depositions, the Court would expect that each deposition would take no more than 30 minutes.  Finally, barring unforeseen circumstances, the Court expects the Parties can complete this limited discovery within 60 days of this Order.

---

[4] This Order does not deny qualified immunity to the state Defendants.  Rather, it provides for limited discovery to determine, among other things, whether the state Defendants are entitled to qualified immunity.  For in this Circuit, it is clearly established "that a prison guard violates a prisoner's Eighth Amendment right when that guard actually (objectively and subjectively) knows that one prisoner poses a substantial risk of serious harm to another, yet fails to take any action to investigate, mitigate, or monitor that substantial risk of serious harm."  *Caldwell*, 2014 WL 1346975, at *10 (citing *Cottone,* 326 F.3d at 1358–60; *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582-84 (11th Cir.1995); *LaMarca v. Turner,* 995 F.2d 1526, 1536–38 (11th Cir.1993)).

[5] To this extent, the Plaintiff's post-hearing motions to produce Merkerson's medical records (Doc. 72; Doc. 73) are **GRANTED**.  However, these records may only be used for depositions as outlined in this Order and may not be disclosed to anyone else.

[6] The document is Bates stamped 0255 in the files produced to the Court.

**SO ORDERED**, this 6th day of June, 2014.

                                                S/ Marc T. Treadwell
                                                MARC T. TREADWELL, JUDGE
                                                UNITED STATES DISTRICT COURT