IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WALKER D. BOWEN, as the administrator of the estate of TERRANCE DESMOND BOWEN,<br><br>  Plaintiff,<br><br>v.<br><br>CARL HUMPHREY, *et al.*,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 5:13-CV-256 (MTT)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Defendants Carl Humphrey, Doug Underwood, and Cager Davis's motion for final judgment pursuant to Fed. R. Civ. P. 54(b).  (Doc. 94).

"When an action presents more than one claim for relief … or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties" so long as there is "no just reason for delay."  Fed. R. Civ. P. 54(b).  Generally, "[a] district court must follow a two-step analysis in determining whether a partial final judgment may properly be certified under Rule 54(b)."  *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.,* 483 F.3d 773, 777 (11th Cir. 2007).  "First, the court must determine that its final judgment is, in fact, both 'final' and a 'judgment.'"  *Id. (*quoting *Curtiss–Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7 (1980)).  "Second, having found that the decision was a final judgment, the district court must then determine that there is no 'just reason for delay' in certifying it as final and

- 2 -

immediately appealable." *Lloyd,* 483 F.3d at 777 (quoting *Curtiss–Wright,* 446 U.S. at 8).

Here, the Court dismissed all claims against Defendants Humphrey, Underwood, and Davis in its Order entered on February 17, 2015, that effectively was both "final" and a "judgment." (Doc. 93). There remains an Eighth Amendment claim against Defendant Bruce Schoolcraft that is independent of those claims resolved by that Order. However, there is no just reason for delaying entry of final judgment against the Plaintiff as to his claims against Humphrey, Underwood, and Davis while the claim against Schoolcraft continues to be litigated.

Accordingly, because there is no just reason for delay in certifying the Order entered on February 17, 2015, as a final judgment, the Defendants' motion for final judgment is **GRANTED**.

**SO ORDERED**, this 25th day of February, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT